IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MERILYN JEAN CALDWELL                                                              PLAINTIFF

vs.                                    Civil No. 4:10-cv-04080

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Merilyn Jean Caldwell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed disability applications on August 29, 2007.  (Tr. 82-89).  In her applications, Plaintiff alleged she was disabled due to back pain; problems with her legs, feet, hands, knees, and arms; carpal tunnel syndrome; and migraine headaches.  (Tr. 98).  Plaintiff alleged an onset date of July 26, 2007.  (Tr. 82, 85).  These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 47-48).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 64-65). An administrative hearing was held on February 26, 2009 in Texarkana, Arkansas. (Tr. 21-46). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Dianne Smith, and Plaintiff's son testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had graduated from high school and completed some vocational training. (Tr. 26).

On March 10, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr.11-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of July 26, 2007. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lumbar disc disease, polyarthralgias, diabetes, hypertension, and obesity. (Tr. 13-14, Finding 3). The ALJ also determined, however, that Plaintiff's impairments, singularly or in combination, did not meet the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned find that the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; sit 6 hours out of an 8 hour day; stand/walk 6 hours out of an 8 hour day with a sit/stand option; no repetitive operation involving hand controls; no climbing ladders, ropes, or scaffolds; occasional bending, kneeling, stooping, crawling, and crouching; occasional handling and fingering; moderate [footnote omitted] limitation in: carrying out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to sustain an ordinary routine without special supervision without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to respond appropriately to changes in the work setting; and the ability to set realistic goals or make plans independently of others.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the VE testified at the administrative hearing on this issue. (Tr. 18, Finding 6). Based upon that testimony, the ALJ determined Plaintiff's PRW was as a certified nurse's aide (medium to heavy, semiskilled); laundry worker (medium, unskilled); housekeeper (medium, unskilled); transporter (medium to heavy, unskilled); production line worker (light, unskilled); and janitor (medium, unskilled). (Tr. 18). The VE also testified that, considering her RFC, Plaintiff would be able to perform this PRW. *Id.*

The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). Specifically, the VE testified that, considering her age, education, RFC, and work experience, Plaintiff retained the capacity to perform the requirements of light, unskilled occupations such as a rental clerk with 3,000 such jobs in the region and 45,000 such jobs in the nation. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 26, 2007 through the date of his decision or through March 10, 2009. (Tr. 20, Finding 11).

Thereafter, on March 11, 2009, Plaintiff requested that the Appeals Council review the ALJ's

unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On May 24, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 1-3). On June 10, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 17, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a

4

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8. Plaintiff raises the following two points for appeal: (A) the ALJ failed to properly evaluated her RFC and (B) the ALJ failed to properly evaluate her subjective complaints pursuant to *Polaski. Id.* In response, Defendant argues that the ALJ's disability determination is

supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. ECF No. 9. This Court will address both Plaintiff's arguments for reversal.

    A.    **RFC Evaluation**

Plaintiff claims the ALJ erred in evaluating her RFC by failing to fully consider and give proper weight to the opinion of Dr. Thomas Cofer, M.D. ECF No. 8 at 4. The report from Dr. Cofer is dated April 16, 2008. (Tr. 380-382). In his report, Dr. Cofer made several findings, including the following: Plaintiff could lift and carry no more than 10 pounds on an occasional basis, Plaintiff could lift and carry no more than 10 pounds on a frequent basis, Plaintiff could stand and walk a maximum of 2 hours during a normal 8-hour day, and Plaintiff could sit a maximum of 2 hours during a normal 8-hour day. *Id.* The findings from this report support Plaintiff's claim that she is disabled.

In his opinion, the ALJ acknowledged this report but found it was entitled to little weight because Dr. Cofer's findings were merely "conclusory opinions." (Tr. 18). Specifically, the ALJ found the following regarding Dr. Cofer's opinions:

> The undersigned recognizes that the file includes statements from Dr. Cofer that the claimant is unable to work (see Exhibit 16F). However, Dr. Cofer's opinion was done in a checklist form. This checklist form assessment was not related to any specific findings, and the described limitations appear to be based on claimant's statements. In addition, Dr. Cofer's opinion is not supported by his own clinical findings or treatment recommendations (Exhibit 17F); and Dr. Oge's consultative examination report (Exhibit 5F) differs from Dr. Cofer's assessment. Also, the determination of disability is reserved to the Commissioner under 20 C.F.R. § 416.927(e). As a result, Dr. Cofer's conclusory opinions that a claimant cannot work do not merit controlling weight. The undersigned gives more weight to Dr. Oge's assessment, which is essentially consistent with the residual functional capacity herein above.

(Tr. 18).

This Court has also reviewed the opinions of Dr. Cofer and finds that the ALJ did not err by discounting his opinions. First, as noted by the ALJ, Dr. Cofer's opinions were stated on a

"checklist" form and were not supported by any specific medical findings. (Tr. 380-382). Indeed, there does not appear to be any medical support for his opinions. *Id.* As such, those opinions are entitled to little weight. *See Holmstrom v. Massanari,* 270 F.3d 715, 721 (8th Cir. 2001) (finding that "checklist format" questions that are general and incomplete can be afforded limited weight or evidentiary value). Second, there has been no demonstration Dr. Cofer ever treated Plaintiff such that his opinion should be afforded the weight of a treating physician. *See* 20 C.F.R. § 404.1527(d)(2). Third, as noted by the ALJ, Dr. Cofer's findings were inconsistent with other evidence in the record, including the findings in the consultative report completed by Dr. Brian Thomas Oge, M.D. (Tr. 328-334). Dr. Oge's findings regarding Plaintiff's limitations were consistent with the ALJ's RFC determination. *Id.* Accordingly, the ALJ did not err by affording Dr. Cofer's opinions little weight.

### B.   *Polaski* Determination

Plaintiff claims the ALJ "did not follow the dictates of Polaski vs. Heckler, 751 F.2d 943 (8th Cir. 1984) in considering the testimony and medical in this case." ECF No. 8 at 4. Plaintiff does not state *how* the ALJ erred by failing to follow the dictates of *Polaski*. *Id.* Instead, Plaintiff merely claims those requirements were not followed. *Id.* This Court will, therefore, review the *Polaski* requirements and determine whether the ALJ complied with those requirements.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

7

follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*.  Indeed, although the ALJ did not specifically reference the *Polaski* factors, the ALJ referenced the factors from 20 C.F.R. §§ 404.1529 and 416.929.  (Tr. 15).  While the preferred practice is to cite to the *Polaski* factors, citing to the factors from 20 C.F.R. §§ 404.1529 and 416.929 is permitted. *See*

*Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). The ALJ then noted the following: (1) Plaintiff had a poor work history with "only sporadic periods of substantial gainful activity prior to the alleged disability onset date"; (2) Plaintiff's activities included being "involved in Bible studies on a bi-weekly basis and attend[ing] bi-monthly Masonic group sessions despite her alleged symptoms"; and (3) Plaintiff had "unpersuasive appearance and demeanor while testifying at the hearing" which included bringing a cane to the hearing but not using it. (Tr. 15-16). As a final note, the ALJ also found Plaintiff's medical records were not consistent with her allegedly disabling level of pain. (Tr. 15-18). Based upon these findings, the ALJ determined Plaintiff's subjective complaints were not credible to the extent she alleged disabling impairments. *Id.*

This Court finds these are "good reasons" for discounting Plaintiff's subjective complaints. Accordingly, because the ALJ's credibility determination was supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that where the "ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination").

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE